# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6283 | **DATE** | 8/27/2010 |
| **CASE TITLE** | Zavacki vs. Arthur Schumann Midwest, LLC | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint and/or for Partial Summary Judgment [27].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On October 9, 2009, Plaintiff James Zavacki filed the present four-count Amended Complaint against Defendant Arthur Schuman Midwest, LLC, f/k/a/ Schuman Acquisition Co., LLC ("ASM") based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. In Count II of the Amended Complaint, Zavacki alleges a violation of Section 18-305 of the Delaware Limited Liability Company Act because ASM denied Zavacki access to ASM's books and records. Before the Court is ASM's motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court construes ASM's motion as a motion to dismiss pursuant to Rule 12(b)(6) and denies ASM's motion.

## BACKGROUND

Because both Zavacki's and ASM's Northern District of Illinois Local Rule 56.1 Statements and Responses rely solely on the allegations in the Amended Complaint – which is not evidence for Rule 56 purposes – the Court denies ASM's motion for summary judgment and construes the present motion as a motion to dismiss pursuant to Rule 12(b)(6). *See Tibbs v. City of Chicago,* 469 F.3d 661, 663 n.2 (7th Cir. 2006) ("mere allegations of a complaint are not evidence"); *see also Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009) (courts may only consider admissible evidence in determining motions for summary judgment).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Construing the allegations in Zavacki's Amended Complaint in his favor, *see Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009), Zavacki alleges that he is a citizen and resident of the state of Illinois and that he is a party to an employment agreement with ASM. (R. 6-1, Am. Compl. ¶ 1.) Zavacki further alleges that ASM, which was formerly known as Schuman Acquisition Co., LLC, is a Delaware limited liability company. (*Id.* ¶ 2.) The members of ASM are Arthur Schuman, Inc., a New Jersey corporation with its principal place of business in Fairfield, New Jersey, and Neal Schuman, a citizen of the State of New Jersey. (*Id.* ¶ 3.)

On or about June 26, 2006, Zavacki completed the sale of the assets of his business, Grater, Inc., and the buyer, ASM, sought to retain Zavacki as its Vice President of Sales. (*Id.* ¶ 4.) Zavacki and ASM entered into an employment agreement and pursuant to the "Agreement," ASM would employ Zavacki for an initial term of five years and Zavacki was to be compensated with a base salary of $200,000 annually, as well as payment of an annual bonus. (*Id.* ¶ 5.) The Agreement also contemplated payment to Zavacki of a balloon payment or equity upon his voluntary termination of employment. (*Id.* ¶¶ 7, 12.) The "Equity" is defined in the Agreement as "equity in [ASM] representing, after such issuance, twenty percent (20%) of the issued and outstanding equity of [ASM]." (*Id.* ¶ 12.) On or about July 17, 2009, Zavacki received a letter from Neal Schuman accepting Zavacki's resignation and indicating that ASM would deliver the Equity pursuant to the Agreement. (*Id.* ¶ 14.) Thus, Zavacki alleges that following delivery of the Equity, Zavacki would be a 20 percent owner of ASM, but ASM has never delivered the Equity and has refused to recognize Zavacki's rights as an owner of ASM. (*Id.*) Moreover, Zavacki unequivocally alleges that "[p]ursuant to the Agreement, Zavacki is an Equity stakeholder in ASM." (*Id.* ¶ 23.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Rule 8(a)(2) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)).

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).

## ANALYSIS

The parties do not dispute that under Section 18-305 of the Delaware Limited Liability Company Act, the right to obtain and inspect information regarding a Limited Liability Company is afforded only to members of a Limited Liability Company. *See* 6 Del. Code Ann. tit. 6 § 18-305(a); *see e.g.*, *NAMA Holdings, LLC v. World Market Ctr. Venture,* LLC 948 A.2d 411, 417 (Del.Ch. 2007). At issue is whether Zavacki has properly alleged that he was a member of ASM.

In the Amended Complaint, Zavacki unequivocally alleges that he is an owner and a stakeholder of ASM based his on his Agreement with ASM and acknowledges that the members of ASM do not recognize him as a member.  (*See* Am. Compl. ¶¶ 14, 23.)  Whether the Agreement and ASM's correspondence and promises to Zavacki confer membership is a question of fact best left for summary judgment when the parties submit evidence in support of their arguments.

Meanwhile, Zavacki's allegations put ASM on notice of his claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555.  Specifically, Zavacki alleges he is a member of ASM, and thus he has the right to access ASM's books and records pursuant to Section 18-305(a).  Therefore, Zavacki has alleged a claim for relief that is plausible on its face.  *See id.* at 570.  The Court denies ASM's motion to dismiss.